UNITED STATES DISRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 CONSTITUTION AVENUE, NW,
WASHINGTON D.C. 20001

KENNETH D. LIGGINS
206 JOSEPHINE STREET
BERRYVILLE, VIRGINIA 22611

       **Plaintiff Pro-Se**

v.

G.A. & F.C. WAGMAN, INC
AND
WAGMAN HEAVY CIVIL, INC. et al.,
3290 N SUSQUEHANNA TRAIL
YORK, PA 17406
       **Defendants**

Case: 1:18-cv-00620   H Deck
Assigned To : Unassigned
Assign. Date : 3/5/2018
Description: Employ. Discrim.

## COMPLAINT

COME NOW, PLAINTIFF Pro-Se file this claim against defendants in that defendants did Violate the EQUAL PAY ACT of 1963 Under 29 U.S.C. Section 206 (d) in violation of Title VII of the Civil Rights Act of 1964 when they discriminated against Liggins in his right to equal pay for equal work. Plaintiff request that this claim be incorporate with the other claims that Defendants did with malicious and willful intent discriminated against Plaintiff/ Liggins because of his race and color.

MAR - 5 2018

Plaintiff states that he applied for a concrete finisher/form setter job in September 2015 when he filled out his application for employment with the Wagman Heavy Civil, Inc.

1. Liggins was told by Joe in the present of Rich Turner that at the time they do not need concrete finisher (yet) but when we began to poor concrete we will pay you concrete pay wages. Liggins agreed to the condition that were presented at the employment meeting in 2015. Liggins did help poor the 1st half of the Bridge and was never paid the concrete rate of pay until November 2015. the work was completed before the Xmas Holidays of 2015.

2. Liggins was offered a job with the Wagman Heavy Civil, Inc. to work at Dominion Project in Richmond Virginia. Liggins was expected to receive wages as a concrete finisher in the amount of ($19.00) in which he was being paid at the Front Royal Bridge know as the **SOUTH FORK BRIDGE REPLACEMENT ROUTE 340.**

3. Liggins/Plaintiff started work in Richmond at the Dominion Project on January 17th, 2016 Liggins was told before he left Front Royal project that he would receive the same rate of pay as he was getting in ~~January~~ December 2015, in the amount of ($19.00) per hr., Liggins agreed.

2.

4. Liggins began work at the Dominion Project in Richmond Virginia and on his first pay check from Wagman while working at Dominion, Liggins was reduce in pay at a rate of ($1.00) per-hr. Liggins did confront management and the project Supertendant, and Liggins was told that they would take care of the matter of ($18.00) verse what he was being paid before he reported to the job in Richmond Virginia which was ($19.00) per hr.

5. Plaintiff/Liggins work for Defendants Wagman Heavy Civil, Inc. et al., beginning on 1-18-2016 to 1-24-16 at the rate of ($18.00) per hour when in fact he was making ($19.00) per hr. Defendants did with willful and malicious intent reduce Liggins rate of pay due to his race and color. Defendants did violate Title VII of the Civil Right Act, and the Equal Pay Act of 1963 do Plaintiff race and color.

6. Plaintiff/Liggins believe and claim that Wagman Heavy Civil, Inc. et al., Owes him in the amount of ($884.37) in which they did not pay him his proper Rate of pay of ($19.00) per hr. this amount is due from January 17, 2016 until July 18, 2016.

3.

7.  Plaintiff will provide copies of his pay stubs in support of his claim that he received from the accounting office of Wagman Heavy Civil, Inc. et al., and Wagman did this with malicious and willful intent in that they covered up the way they were paying Liggins his earned wages.

8.  Plaintiff/Liggins claim that defendants did violate Section 206 and 207. Section 216 (b) establishes a private right of action for violation of Section 206 of the FLSA specifically Section 216 (b) provides that "{a} ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages or their unpaid overtime compensation, as the case may be and in an additional equal amount as liquidated damages." 29 U.S.C. Section 216 (b) (emphasis added). However, Plaintiff/Liggins claim that Defendants did **violate** Section 206 and Section 207 while Plaintiff/Liggins was working for Wagman Heavy Civil, Inc. at the Dominion Project in Richmond Virginia form January 17th until July 15th 2016. See Plaintiff Exhibit #6 copies of pay stubs.

9.  Plaintiff states that Defendants did violate Section 206 and 207 with willful and malicious intent because Wagman knew the rules.

4.

1o. Under the Equal Pay Act of 1963 29 U.S.C. Section 206 (d) about,

**ATTENDANCE OF WITNESS Sec 209 {Section 9}**

For the purpose of any hearing or investigation provided for in this chapter, the provisions of Section 49 and 50 of Title 15 {Federal Trade Commission Act of September 16, 1914 as amended (U.S.C. 1934 edition)} creating to the attendance of witness and the production of books, papers, and documents), are made applicable to the Jurisdiction, Power, and duties of the Administrator, the Secretary of Labor, and the industry committee.

**EMPLOYER LIABILITY FOR INTENTIONAL TORTS OF EMPLOYEES**

11. **Plaintiff INCORPORATE CLAIMS 1-5 WITH CLAIM #6.**

"In other words, whether an employer is vicariously liable for the employee's Intentional conduct will depend upon whether the employee acts was committed Within the course and scope of his employment." See: **Goldenwest Boradcaster, Inc. v. Superior Court 114 Cal. App. 3d 947,956-57 (1981).** The test to be applied Is the same, under most circumstances whether the conduct of the employee **was** Intentional or non-intentional. **Rodger v. Kemper Construction Co. 50 Cal. App. 3d 608 (1965).**

5.

**WHEREFORE:** Plaintiff claim that Defendant did with malicious and willful intent deprive Liggins of equal pay for equal work that the other concrete finishers did receive from Wagman Heavy Civil, Inc. et al., **Plaintiff Pray for relief** in the amount of money of ($884.37) for back pay and ($1257.00 and) from Plaintiff Flex Spending Account and Compensatory Damages in the amount of ($150,000.00) and Punitive damages in the amount of ($850,000.00) to punish Wagman Heavy Civil, Inc. in which Liggins is a victim of.

Plaintiff also pray for a JURY trial.

*Kenneth D. Liggins*
Kenneth D. Liggins Plaintiff Pro-Se
206 Josephine Street
Berryville, Virginia 22611
540-327-9032
March 2nd, 2017

6.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I mailed a copy of this complaint to the below Defendants concerning claims under the Unfair Pay Act of 1963 to the President: Richard E. Wagman and the Board of Director Michael B. Glezer CEO and Greg M. Andricos PE, President and COO to the below listed address.

Richard E. Wagman
President
Wagman Heavy Civil, Inc.
3290 North Susquehanna Trail
York PA 17406
717-764-8521

Michael B. Glezer
Board of Director and CEO
Wagman Heavy Civil, Inc.
3290 North Susquehanna Trail
York PA 17406
717-764-8521

G.A. & F.C. Wagman, Inc.
Gray M. Andricos PE,
President and COO
3290 North Susquehanna Trail
York PA 17406
717-764-8521

*Kenneth D. Liggins*
Kenneth D. Liggins
206 Josephine Street
Berryville, Virginia 22611
540-327-9033
March 2, 2018

7.