CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
8/27/2019
JULIA C. DUDLEY, CLERK
BY: s/ J. Vasquez
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| KENNETH D. LIGGINS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 5:18-cv-72 |
| G.A. & F.C. WAGMAN, INC., *et al.*, | ) By: Elizabeth K. Dillon |
| Defendants. | ) United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Kenneth Liggins, proceeding pro se, filed this action against his former employer, G.A. & F.C. Wagman, Inc. (Wagman),[1] alleging that Wagman "denied [him] equal pay for equal work due to his race and color" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.[2] (Am. Compl. 1, Dkt. No. 13.) Defendant moved to dismiss the amended complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, Dkt. No. 18.) In accordance with 28 U.S.C. § 636(b)(1)(B), the court referred the motion to Magistrate Judge Joel C. Hoppe for a report and recommendation (R&R). (Order 1, Dkt. No. 30.)

---

[1] The complaint names both G.A. & F.C. Wagman, Inc. and Wagman Heavy Civil, Inc. as defendants (Compl., Dkt. No. 1), but Wagman clarifies in its motion to dismiss the first amended complaint that G.A. & F.C. Wagman, Inc. is the former name of Wagman Heavy Civil, Inc. and not a separate legal entity. (Mot. to Dismiss 1, Dkt. No. 18.)

[2] As the magistrate judge points out, Liggins also asserts causes of action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–218c, and the Equal Pay Act (EPA), 29 U.S.C. § 206(c), "plus generic 'Acts' and 'Regulations.'" (R&R 1 n.2, Dkt. No. 46; Am. Compl. 1–8, Dkt. No. 13.) The R&R consolidates all of Liggins's causes of action into his Title VII claim based on statements Liggins made during the hearing on April 11, 2019, indicating that "'his real concern' at the heart of this lawsuit is that Wagman 'denied [Liggins] equal pay' and other benefits *because of* his race or color in violation of Title VII." (R&R 1 n.2 (citations omitted) (alteration in original).) Because Liggins did not object to this treatment of his claims and, in fact, consented to dismissal of his case (albeit, without prejudice), the court will not consider whether Liggins stated a claim under the FLSA, EPA, or other assorted "Acts" and "Regulations."

On May 22, 2019, Judge Hoppe issued his R&R recommending that the court grant Wagman's motion but dismiss the case without prejudice for lack of subject-matter jurisdiction. (R&R 1, Dkt. No. 46.) Upon filing the R&R, the magistrate judge advised the parties of their right under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(2) to file written objections to his proposed findings and recommendations within 14 days of service of the R&R. (*Id.* at 9.)

On June 10, 2019, Wagman filed a notice of filing supplemental authority in which it cited a case decided by the Supreme Court of the United States on June 3, 2019. (Notice Supp. Auth., Dkt. No. 50.) Wagman cites *Fort Bend Cty, Tex. v. Davis*, 139 S. Ct. 1843 (2019), for the proposition that Liggins's failure to include allegations of unequal pay in his charge filed with the Equal Employment Opportunity Commission (EEOC) requires the court to dismiss the case with prejudice. (*Id.* at 2.)

On June 11, 2019—the day after the objection deadline expired—Liggins filed a "response" to the R&R in which he stated he has "no objection to this case being dismiss[ed] without Prejudice for lack of subject-matter jurisdiction." (Pl. Resp. to R&R 1, Dkt. No. 51.) Liggins did not otherwise respond to Wagman's notice of filing supplemental authority.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the R&R. (R&R 2–5.) Because the court is ruling on a motion to dismiss, it accepts as true the well-pleaded facts set forth in Liggins's amended complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

II.  DISCUSSION

A.  **Standard of Review**

A district court sitting in review of a magistrate judge's R&R must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  An objection is properly noted if it is stated "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  The court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

Although not styled as an objection, Wagman's notice of filing supplemental authority clearly sets forth its disagreement with the magistrate judge's recommendation and asks the court to reconsider a specific portion of that recommendation.  The court will thus construe Wagman's notice as an objection to the R&R and will review de novo the issue of whether Liggins's case should be dismissed with prejudice.  The remainder of the R&R will be reviewed for clear error.

B.  **Liggins's Case Should Be Dismissed with Prejudice**

Upon reviewing the record in this case, the court is satisfied that there is no clear error as to the R&R's recitation of facts or recommendation that Liggins's case be dismissed.  The court will therefore adopt those portions of the R&R.  It will not, however, adopt all of the R&R's reasoning or the recommendation that dismissal be without prejudice.  In particular, the court

will not adopt the conclusion that the court lacks subject matter jurisdiction over Liggins's Title VII claim for failure to exhaust administrative remedies. Additionally, because the deadline has passed for Liggins to file a charge with the EEOC, Liggins's claim should be dismissed with prejudice.

1. **Subject matter jurisdiction**

Before a plaintiff may file suit under Title VII, he must file a charge of discrimination with the EEOC. *See Davis*, 139 S. Ct. at 1846–47; 42 U.S.C. § 2000e-5(f)(1). At the time the magistrate judge issued his R&R, the Fourth Circuit followed the rule that a plaintiff's failure to exhaust administrative remedies by filing a charge of discrimination with the EEOC precluded federal courts from asserting subject matter jurisdiction over the asserted Title VII claim. *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009), *abrogated by Fort Bend Cty, Tex.*, 139 S. Ct. 1843. Accordingly, the magistrate judge recommended dismissal without prejudice for Liggins's failure to exhaust his administrative remedies.[3]

Shortly after issuance of the R&R, however, the Supreme Court decided *Fort Bend Cty, Tex. v. Davis*, in which it held that "Title VII's charge-filing instruction is not jurisdictional," but is "properly ranked among the array of claim-processing rules that must be timely raised to come into play." 139 S. Ct. at 1844. Thus, Liggins's failure to exhaust his administrative remedies does not affect the court's jurisdiction over his Title VII claim. Rather, the court has jurisdiction over his claim pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). *See also Davis*, 139 S. Ct. at 1850.

---

[3] The Supreme Court has acknowledged that "'with prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits.'" *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (quoting 9 Wright & Miller § 2373 n.4). Accordingly, under the Fourth Circuit's now-defunct jurisdictional analysis, a dismissal for failure to exhaust administrative remedies had to be "without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of the claim on the merits." *S. Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

## 2. Dismissal with prejudice

Although the court has subject matter jurisdiction over Liggins's claim, Liggins cannot escape Title VII's requirement to file a charge with the EEOC prior to filing a complaint in federal court.[4] *See Davis*, 139 S. Ct. at 1851 ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one . . . ."). Thus, the court still must dismiss the amended complaint. The question remains, however, whether dismissal should be with prejudice or without.

For guidance, it is helpful to review pre-*Davis* decisions from circuits previously holding that Title VII's exhaustion requirement was non-jurisdictional. For example, the Fifth Circuit recognizes that "[w]hen a district court dismisses a [Title VII] claim for failure to exhaust under Federal Rule of Civil Procedure 12(b)(6), the dismissal is without prejudice so that a plaintiff may return to court after he has exhausted his administrative remedies." *Story v. Gibson, ex rel Dep't of Veterans Affairs*, 896 F.3d 693, 698 n.2 (5th Cir. 2018); *see also Hill v. Potter*, 352 F.3d 1142, 1145–46 (7th Cir. 2003) ("If, however, through ignorance of proper procedures a plaintiff jumps the gun, suing before he has exhausted his administrative remedies, it does not follow that his suit must be dismissed with prejudice . . . . It can be dismissed as premature, . . . and hence without prejudice."). However, if the plaintiff cannot exhaust his administrative remedies—for example, if he is time-barred from filing an EEOC charge—dismissal without prejudice would be futile, and the court may dismiss the claim with prejudice. *Compare Lebron-Rios v. U.S. Marshal Svc.*, 341 F.3d 7, 14–15 (1st Cir. 2003) (holding that where plaintiffs "still had an

---

[4] *Davis* does not change Title VII's requirement, but instead clarifies when and how a defendant may challenge a plaintiff's Title VII claim based on the plaintiff's failure to exhaust administrative remedies. Instead of raising a defense under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, defendants must now raise the issue as an affirmative defense or on a motion to dismiss pursuant to Rule 12(b)(6). *See Davis*, 139 S. Ct. at 1849 ("A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party 'properly raise[s]' it. But an objection based on a mandatory claim-processing rule may be forfeited 'if the party asserting the rule waits too long to raise the point.'" (quoting *Eberhart v. United States*, 546 U.S. 12, 15, 19 (2005)) (citation omitted)).

opportunity to file timely administrative charges at the time the district court dismissed their claims," dismissal should have been without prejudice), *and Robinette v. Union Hosp.*, No. 17-3471, 2018 WL 2106403, at *2 (6th Cir. Mar. 22, 2018) (upholding dismissal for failure to file an EEOC charge, but vacating dismissal with prejudice as "the district court failed to appreciate that Robinette asked for a dismissal without prejudice well within the 300-day period"), *with Williams v. West*, 136 F.3d 138 (5th Cir. 1998) (affirming dismissal with prejudice where the plaintiff failed to allege any discriminatory acts occurring within the forty-five-day period preceding his initial contact with an Equal Employment Opportunity Counselor as required by 29 C.F.R. § 1614.105(a)(1)).

As the magistrate judge noted in this case, "Liggins 'has not referenced, cited, or attached any Charge of Discrimination filed with the EEOC' setting out facts that correspond to any of the Title VII claims in his Amended Complaint." (R&R 7 (quoting Def.'s Br. In Supp. 7, Dkt. No. 19.).) In response to Wagman's motion to dismiss, Liggins asserts that he "does not have to exhaust administrative remedies" because the claims in this case stem from the same actions Liggins included in the EEOC charge forming the basis of his other lawsuit in this court. (*Id.* (quoting Pl. Surreply in Opp'n 3, Dkt. No. 35.)) However, Liggins did not include any wage discrimination claims in that EEOC charge and did not object to the magistrate judge's determination that the claims "are clearly outside the scope of the EEOC charge mentioned in his surreply brief." (*Id.* at 8.) Thus, the court adopts the magistrate judge's finding that Liggins failed to exhaust his administrative remedies.

Additionally, the deadline for Liggins to file an EEOC charge has passed. Employees have a maximum of three hundred days to file an EEOC charge after an alleged unlawful employment action occurs. 42 U.S.C. § 2000e-5(e)(1); *see also Munive v. Fairfax Cty. School*

*Bd.*, 700 F. App'x 288, 289 (4th Cir. 2017) ("In the case of a state, such as Virginia, that has a deferral agency, the plaintiff must file [his] EEOC charge within 300 days of the alleged discriminatory act."). Liggins asserts several causes of action against Wagman for conduct occurring between January 17, 2016, and March 2, 2018.[5] (*See generally* Am. Compl.) Thus, Liggins had until December 27, 2018, to file a charge with the EEOC that encompassed his wage discrimination claims. Liggins filed his amended complaint on December 28, 2018, with no indication that he pursued an EEOC charge.[6] Accordingly, Liggins's claim is time-barred, and the court will dismiss his amended complaint with prejudice.

### III. CONCLUSION

For the reasons stated above, the court will adopt in part and reject in part the magistrate judge's R&R and dismiss the case with prejudice.

An appropriate order will follow.

Entered: August 27, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[5] Liggins worked for Wagman until his termination in October 2017. (Am. Compl. 3.) Nonetheless, he claims he filed a request on March 2, 2018, seeking a refund of money withheld from his paychecks, which Wagman denied. (*Id.* at 4.) Construing the amended complaint liberally, the court will consider March 2, 2018, as the date of the most recent alleged discriminatory act for the purposes of calculating Liggins's deadline to file an EEOC charge.

[6] Liggins filed his surreply to Wagman's motion to dismiss—in which he suggested his claims were covered by his first EEOC charge—on February 6, 2019, indicating that as of February 6, 2019, he still had not filed a charge with the EEOC.